# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEE A. BOYER and MELISSA BOYER,** : | **CIVIL ACTION NO. 4:11-CV-550** |
| Plaintiffs : | (Judge Conner) |
| v. : | |
| **FIRST AMERICAN TITLE INSURANCE CO.,** : | |
| Defendant : | |

## **MEMORANDUM**

Presently before the court is the motion for summary judgment (Doc. 19) filed by plaintiffs Lee A. Boyer and Melissa Boyer (collectively "Boyer") in this dispute over claims under a title insurance policy issued by a corporate predecessor of defendant First American Title Insurance Company ("First American"). For the reasons that follow, the motion will be granted in part and denied in part, and the parties shall be directed to participate in a settlement conference before a United States Magistrate Judge in accordance with Local Rule 16.9.

In May 2008, after signing a natural gas lease permitting the exploration and extraction of natural gas from their real property in Tioga County, the Boyers were notified that they did not own the subsurface estate of their property. Specifically, the Boyers were advised that subsurface rights were reserved by George and Leona Cochran by deed dated November 17, 1964. No such reservation or exception appears in the title insurance policy issued by First American.

Within approximately two months, the Boyers made a formal claim with First American based upon the prior reservation of the subsurface estate of their Tioga County property. The Boyers seek damages arising from this encumbrance (the reservation of subsurface rights) to fee simple title which was not excepted from coverage in the title policy issued by First American. Unsurprisingly, First American has not denied the Boyers' claim. (See Doc. 23, p. 16 n.3). To the contrary, what has ensued is essentially a dispute over the value of the Boyers' claim.[1]

## I.   STANDARD OF REVIEW

Through summary adjudication the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(a). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89

---

[1] First American also pursued an unsuccessful quiet title action seeking to restore the Boyers' subsurface rights.

(1986); see also FED. R. CIV. P. 56(a), (c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

## II. DISCUSSION

The court begins with what is not in dispute, to wit: the third, fourth, seventh, eighth and ninth affirmative defenses. First American concedes that these defenses are inapplicable or ineffective and may be struck. The court shall grant plaintiffs' motion as to these affirmative defenses and the same shall be stricken by court order.

Having reviewed the parties' briefs and supporting documents, it is pellucidly clear that the amount of the Boyers' damages claim and the basis for the Boyers' bad faith claim are disputed. Indeed, factual disputes abound as to the proper calculation of damages, reasonableness of the insurer's conduct, and the cause of the delay in adjusting what, at first blush, appears to be an obvious loss under the title policy. Without adopting or rejecting either party's contentions, the court simply notes the undeniable presence of factual issues precluding the entry of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Given unequivocal acknowledgment of defendant's responsibility under the title policy, the court views the instant dispute to be one of assessing claim value as opposed to claim liability. Accordingly, the parties shall be directed to appear for a pretrial settlement conference before United States Magistrate Judge Martin

Carlson; the <u>personal</u> <u>attendance</u> of those vested with settlement authority shall be <u>required</u>.

An appropriate order follows.

       <u>S/ Christopher C. Conner</u>
       CHRISTOPHER C. CONNER
       United States District Judge

Dated:		May 31, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE A. BOYER and MELISSA BOYER,** | : | CIVIL ACTION NO. 4:11-CV-550 |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **FIRST AMERICAN TITLE INSURANCE CO.,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 31st day of May, 2012, upon consideration of plaintiffs' motion for summary judgment (Doc. 19), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that said motion is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED to the extent that First American's third, fourth, seventh, eighth and ninth affirmative defenses are hereby STRICKEN.

2. In all other respects, the motion is DENIED.

3. In accordance with Rule 16.9 of the Local Rules of the United States District Court for the Middle District of Pennsylvania, this matter is referred to Magistrate Judge Martin C. Carlson for the purpose of conducting a settlement conference only. The settlement conference shall be scheduled at the convenience of Magistrate Judge Carlson. <u>Those vested with settlement authority shall be required to attend this conference</u>.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge